UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tommy L. Harris, Jr., | ) C/A No. 2:11-964-TLW-JRM |
|                Plaintiff, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| Charleston Detention Center; and Sheriff Al Cannon, | ) |
|                Defendants. | ) |

The plaintiff, Tommy L. Harris, Jr. ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint sues the same defendants and raises the same claims as presented in Plaintiff's prior case, *Harris v. Charleston Detention Center*, C/A No. 3:09-2880-TLW (D.S.C. ). The Complaint should be dismissed as frivolous as well as for failure to state a claim upon which relief may be granted.

**INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint in this case has been filed pursuant to 28 U.S.C. § 1915, which permits an

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii). A finding of frivolity can be made where the Complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31 (1992).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Plaintiff filed a Complaint on April 22, 2011, but he failed to sign the Complaint or complete the statement of claim portion of the complaint form. ECF No. 1. Plaintiff was provided the opportunity to sign the Complaint and complete the statement of claim, which he did on June 13, 2011. *Id.* Plaintiffs current Complaint names the same defendants and raises the same claim (being

2

held in a detention center for seven days beyond his court ordered release) that Plaintiff unsuccessfully pursued in a prior case in this Court. *See Harris v. Charleston Detention Center*, C/A No. 3:09-2880-TLW (D.S.C. ).  This Court takes judicial notice of Plaintiff's prior related case. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir.1992) (the district court had the right to take judicial notice of a prior related proceeding). *See also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).  On March 24, 2011, just 30 days prior to filing the current case, Plaintiff's previous case was summarily dismissed with prejudice upon the granting of Defendants' summary judgment motion. The court found that Defendant Charleston County Detention Center is not a person subject to liability under 42 U.S.C. § 1983, Defendant Cannon was not liable under supervisory liability, and Plaintiff failed to establish a constitutional claim.  *See Harris v. Charleston Detention Center*, C/A No. 3:09-2880-TLW (D.S.C. ).  The Plaintiff's present Complaint is subject to summary dismissal for the same reasons. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir.1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

The issues involved in the Complaint in this case were dismissed with prejudice in the previous civil action filed by Plaintiff in this Court, and thus are barred by *res judicata*.[2]  Under the doctrine of *res judicata*,

---

[2]    This Court may raise the *res judicata* issue *sua sponte* in special circumstances. *Arizona v. California*, 530 U.S. 392, 412 (2000).  "Most notably, 'if a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.'" *Id*. (quoting *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980) (REHNQUIST, J., dissenting) (citations omitted)).

'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.' It is well established in this circuit that the application of res judicata requires a showing of the following three elements: '(1) a final judgment on the merits in an earlier suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits.'

*Young-Henderson v. Spartanburg Area Mental Health Ctr.*, 945 F.2d 770, 773 (4th Cir. 1991) (*quoting Montana v. United States*, 440 U.S. 147, 153 (1979) and *Nash County Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. ), *cert. denied,* 454 U.S. 878 (1981). The Complaint in the current case names the same defendants and raises the same issues as determined on the merits in Plaintiff's prior case, thus meeting the criteria for the *res judicata* bar.

Plaintiff's duplicate § 1983 Complaint should be summarily dismissed in the interests of judicial economy and efficiency. This action is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

## RECOMMENDATION

Accordingly, it is recommended that the District Judge dismiss the complaint *with prejudice* and without issuance and service of process.

Joseph R. McCrorey
United States Magistrate Judge

August 1, 2011
Columbia, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).